**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|   |   |   |
|---|---|---|
| | : | |
| SEAN LAMAR JORDAN | : | |
| | : | |
| v. | : | Criminal No. PX 16-526 |
| | | Civil No. PX 18-2508 |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |

**MEMORANDUM ORDER**

Petitioner Sean Lamar Jordan ("Jordan") has filed his second Motion to Vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 99. In it, Jordan contends that subsequent Supreme Court jurisprudence compels vacatur of his conviction for using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). ECF No. 99. Jordan separately moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 105. The issues are briefed and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the second Motion to Vacate is dismissed and the motion to reduce sentence is denied.

On September 27, 2017, Jordan pleaded guilty pursuant to a written agreement executed under Federal Rule 11 of Criminal Procedure (c)(1)(C). ECF No. 42. He admitted guilt to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts II and III); and using, carrying and brandishing a firearm during and in relation to a crime of violence, namely the robbery offense in Count III, in violation of 18 U.S.C. § 924(c). ECF No. 44.

At Jordan's sentencing, the Court accepted the plea agreement and imposed the aggregate 120-month prison term. ECF Nos. 62, 64. The Court first calculated the Advisory Sentencing Guideline range applicable to Counts II and III based on Jordan's final offense level of 25 and a criminal history category VI, resulting in an advisory guideline range of 110 to 137 months. Next, the Court varied substantially from that advisory guideline range to impose the agreed-upon 36-month

concurrent prison term as to Counts II and III.  ECF No. 44; ECF No. 64 at 21.  Last, the Court imposed the mandated 84-month consecutive term associated with the § 924(c) offense (Count V) for a total imprisonment term of 120 months. ECF No. 58 ¶ 96; ECF No. 64 at 21.  Jordan did not appeal the sentence.

Instead, on August 13, 2017, Jordan filed his first Motion to Vacate pursuant to § 2255, asking the Court to set aside his guilty plea for his having received ineffective assistance of counsel.  ECF No. 65.  The Court denied the Motion and declined to issue a certificate of appealability.  ECF No. 93 & 94.

Now in the second Motion to Vacate, Jordan argues that the Court must vacate the § 924(c) conviction (Count V) because the Supreme Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Taylor*, 596 U.S. 845 (2022), render the underlying predicate crime of Hobbs Act robbery (Count III) no longer a qualifying crime of violence.  ECF No. 99.  The Government responds that the second petition must be dismissed because Jordan never sought from "a panel of the appropriate [circuit] court of appeals," permission to pursue it.  *See* 28 U.S.C. § 2255(h).  ECF No. 102 at 4.  The Court agrees.

Plainly, Jordan cannot proceed on a second or successive § 2255 application unless he first obtains authorization from the Fourth Circuit.  28 U.S.C. § 2255(h).  *See In re Thomas*, 988 F.3d 783, 787-88 (4th Cir. 2021).  Before a second or successive petition may proceed, Section 2255(h) requires a petitioner to either (1) show that the application is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the [applicant] guilty of the underlying offense" or (2) show that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* Jordan relies on the latter condition, arguing that *Davis* and *Taylor* have been construed as new rules.

ECF No. 99. That may or may not be the case. *See, e.g.*, *In re Thomas,* 988 F.3d at 790 ("[W]e conclude that *Davis* announced a new substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable."); *but see United States v. Edwards*, Cr. No. DKC-13-650, Civ No. 23-1536, 2026 WL 628215, at *5 n.6 ("The Supreme Court in *Taylor* did not announce a new rule of constitutional law, but rather interpreted, as a matter of statutory analysis, the meaning of the term "crime of violence" in § 924(c) . . .) (quoting *In re Williams,* No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir., Dec. 15, 2022)). Notwithstanding this, Jordan clearly did not seek the proper certification from the Fourth Circuit Court of Appeals. *See* § 2255(h). Without the certification, this Court lacks jurisdiction to reach the claims. *See Bixby v. Stirling*, 90 F.4th 140, 157 (4th Cir. 2024). *See also Hilliard v. United States*, No. CR ELH-17-0191, 2025 WL 3083679, at *6 (D. Md. Nov. 5, 2025). The Petition is dismissed on this ground alone.[1]

Turning next to the motion to reduce sentence at ECF No. 105, ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F. 4th 304, 310 (4th Cir. 2024). However, under 18 U.S.C. § 3582(c)(2), if the Sentencing Commission has lowered an applicable sentencing range, the Court "may reduce the term of imprisonment" on resentencing "after considering the factors set forth in Section 3553(a) . . . ." *See also United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam); *See also United States v. Barrett*, 133 F. 4th 280 (4th Cir. 2025).

Jordan contends that Amendment 821 to the Sentencing Guidelines, which took effect on November 1, 2023, compels a sentencing reduction in his case. Jordan relies on Part A of Amendment

---

[1] The claim also likely fails on the merits because Hobbs Act robbery in Count III qualifies as a crime of violence under § 924(c)(3)(A). *See United States v. Ali,* 991 F.3d 561, 573 (4th Cir. 2021). *Davis,* by contrast, declared the "residual clause," § 924(c)(3)(B), as unconstitutionally vague; and *Taylor* solely held that *attempted* Hobbs Act robbery does not constitute a crime of violence under § 924(c)(3)(A). Because neither *Davis* nor *Taylor* alter the Fourth Circuit's prior decision in *Ali*, the § 924(c) conviction would stand. *See United States v. Gillespie*, 27 F. 4th 934, 941 (4th Cir. 2022)

821 which reduced "the additional criminal history points" from two to one for a defendant "who committed his offense while under a criminal justice sentence[2]" and who had had seven or more criminal history points. *Moore*, 2024 WL 2828103; U.S.S.G. § 4A1.1(e) (2024).

Jordan contends that because he has more than seven criminal history points and he was originally assessed two points for committing this offense while under a criminal justice sentence, Amendment 821 would reduce his criminal history score by one point. ECF No. 105 at 4. Jordan is correct in that narrow respect. But he is not entitled to a sentence reduction because even with the one-point reduction, giving him 13 instead of 14 criminal history points, Jordan still scores as a criminal history Category VI. ECF No. 58 at ¶¶ 58-59. Accordingly, his final guideline range remains unchanged. *See* U.S.S.G. Sentencing Table (13 or more points placing defendant in Criminal History Category VI). Because Amendment 821 visits no reduction in his guideline range, the motion must be denied.

Based on the foregoing, and on this 23rd day of March, 2026, the United States District Court for the District of Maryland hereby ORDERS,

1. The Motion to Vacate pursuant to 28 U.S.C. § 2255, construed as a second petition (ECF No. 99), is DISMISSED for lack of jurisdiction;

2. The Motion to Reduce Sentence (ECF No. 105) is DENIED;

3. The Clerk is directed to TRANSMIT this Order to counsel, MAIL a copy to Sean Lamar Jordan at his current place of incarceration, and CLOSE the criminal and companion civil cases.

/s/

PAULA XINIS
United States District Judge

---

[2] A "criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).